NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000746
30-MAR-2012
08:16 AM

NO. CAAP-11-0000746


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


NOLAN FRASER,
Plaintiff-Appellant,
v.
STATE OF HAWAIʻI, and THOMAS READ,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 08-1-0709(1))

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack

jurisdiction over Plaintiff-Appellant Nolan Fraser's (Appellant

Fraser) appeal in Appeal No. CAAP-11-0000746 from the Honorable

Rhonda I.L. Loo's October 10, 2011 judgment, because the

October 21, 2011 judgment does not satisfy the requirements for

an appealable final judgment under Rule 58 of the Hawaiʻi Rules

of Civil Procedure (HRCP) and the holding in Jenkins v. Cades

Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). "Every judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id. (emphases added). Although Appellant Fraser's amended complaint asserted multiple claims against multiple defendants, i.e., Defendants-Appellees State of Hawai'i (Appellee State) and Thomas Read (Appellee Read), the October 10, 2011 judgment enters judgment only on Appellant Fraser's claims against Appellee State. The October 10, 2011 judgment neither resolves Appellee Fraser's claims against Read nor contains an express finding of no just reason for delay in the entry of judgment on one or more but less than all claims pursuant to HRCP Rule 54(b). Although the October 10, 2011 judgment contains a statement that "[n]o other claims remain in this action[,]" the Supreme Court of

Hawai'i has specifically explained that

> A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawai'i at 120 n.4, 869 P.2d at 1339 n.4 (emphases added). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to case upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (emphasis added). Because the October 10, 2011 judgment neither resolves all claims against all parties nor contains an express finding of no just reason for delay in the entry of judgment on one or more but less than all claims pursuant to HRCP Rule 54(b), the October 10, 2011 judgment does not satisfy the requirements for an appealable judgment in a multiple-party case under HRCP Rule 58 and the holding in Jenkins. Absent the entry of an appealable final judgment, the appeal is premature, and we lack appellate jurisdiction over the Appeal No. CAAP-11-0000746. Accordingly,

IT IS HEREBY ORDERED that the appeal in Appeal No.

CAAP-11-0000746 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 30, 2012.

Presiding Judge

Associate Judge

Associate Judge